UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA

        Plaintiff,                              Case No.: 08-20148
                                                      Hon. Patrick J. Duggan

v.

D-1 ELSAYED KAZEM SAFIEDINE
a/k/a "Tom",

D-2 MARY FAWAZ,

        Defendants.
_____/

## ORDER DENYING PREMATURE 28 U.S.C. § 2255 MOTION WITHOUT PREJUDICE

This matter comes before the Court on Petitioner Mary Fawaz' Motion to Vacate, Set Aside, or Correct Sentence filed pursuant to 28 U.S.C. § 2255. (ECF No. 110.) For the reasons stated herein, the Court denies Fawaz' Motion without prejudice pending the resolution of her direct appeal in the United States Court of Appeals for the Sixth Circuit.

On September 14, 2011, a jury found Fawaz and co-defendant Elsayed Safiedine guilty of conspiracy to defraud the United States in violation of 18 U.S.C. § 371. The Court subsequently denied the defendants' joint motions for acquittal and new trial, (June 7, 2012 Op. & Order, ECF No. 71), and motion for reconsideration, (July 19, 2012 Op. & Order, ECF No. 77). On October 17, 2012, the Court sentenced Fawaz to a term of imprisonment of twelve months and one day. Fawaz appealed her judgment of conviction and sentence to the Sixth Circuit on October 31, 2012. (Notice of Appeal,

ECF No. 84.) The following day, November 1, 2012, Fawaz filed a Motion for Bond Pending Appeal. (ECF No. 87.) Fawaz' co-defendant also filed a Motion for Bond Pending Appeal. (ECF No. 86.) The Court denied both motions in an Opinion and Order dated December 27, 2012. (ECF No. 100.). On January 9, 2013, Fawaz filed her brief with the Sixth Circuit, asking that the court vacate her conviction, or in the alternative, vacate or reduce her sentence, on three grounds: (1) insufficient evidence to sustain a conviction[1]; (2) this Court failed to adequately explain her sentence; and (3) because this Court incorrectly computed the tax loss caused by Fawaz' conduct which caused the Court to apply the wrong sentencing guidelines range.[2] (Appellate Br., Gov't's Resp. Ex. A at 8-9.) This appeal is pending. (6th Cir. Docket Sheet, Gov't's Resp. Ex. B.)

Undaunted by the lack of success on any post-trial motions, Fawaz filed the instant § 2255 Motion on February 20, 2013, moving this Court to vacate, set aside, or correct her sentence on the basis of ineffective assistance of counsel. (Petition, ECF No. 110 at 5.) Fawaz contends her counsel was ineffective for several reasons. First, "[c]ounsel failed to call as a witness Michael Washenko, who would have testified . . . that there was no tax loss to the Government . . . which is evidence of Ms. Fawaz's lack of intent to commit a conspiracy." (*Id.*) Second, "[c]ounsel failed to call as a witness a handwriting

---

[1] The Court notes that it reached a decision with respect to the sufficiency of the evidence in its Opinion and Order denying the defendants' joint motions for acquittal and new trial. (June 7, 2012 Op. & Order, ECF No. 71.)

[2] The Court addressed the defendants' arguments regarding the purportedly improper tax loss calculations and application of the sentencing guidelines in its December 27, 2012 Opinion and Order denying the defendants' motions for bond pending appeal. (ECF No. 100.)

expert to testify as to the checks forged with Ms. Fawaz's signature." (*Id.*) Third, "[c]ounsel failed to rebut effectively the testimony of Allan Cohen with evidence of a superior method of accounting that should have been done." (Addendum to Petition, ECF No. 110 at 7.) Fourth, counsel did not effectively cross-examine the witnesses. (*Id.*) Fifth, and lastly, "Fawaz wished to testify at trial but was advised by Counsel not to do so. . . . Had Ms. Fawaz not been advised to remain silent and had she testified, a different outcome would have resulted." (*Id.*)

Section § 2255 provides, in pertinent part, that a federal prisoner may challenge her sentence in the court which imposed the sentence on grounds that the sentence was imposed "in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). While "[t]here is no requirement that the movant exhaust [her] remedies prior to seeking relief under § 2255[,] . . . courts have held that such a motion is inappropriate if the movant is simultaneously appealing the decision." Fed. R. re § 2255 Proc. 5, ad. comm. n. Sixth Circuit precedent mandates "that in the absence of extraordinary circumstances, a district court is precluded from considering a § 2255 application for relief during the pendency of the applicant's direct appeal." *Capaldi v. Pontesso*, 135 F.3d 1122, 1124 (6th Cir. 1998) (citations omitted); *see also* Fed. R. re § 2255 Proc. 5, ad. comm. n. (although "there is no jurisdictional bar to the District Court's entertaining a Section 2255 motion during the pendency of a direct appeal[,] . . . the orderly administration of criminal law precludes considering such a motion absent extraordinary

circumstances). This rule stems from pragmatic considerations. "An application under § 2255 is an extraordinary remedy and should not be considered a substitute for direct appeal." *Capaldi*, 135 F.3d at 1124 (citation omitted). "Moreover, determination of the direct appeal may render collateral attack by way of a § 2255 application unnecessary." *Id.* (citation omitted).

Fawaz' direct appeal is currently pending in the Sixth Circuit and her § 2255 Motion does not indicate that any extraordinary circumstances exist that would warrant deviating from the general rule set forth in *Capaldi*.

Accordingly,

**IT IS ORDERED** that Fawaz' § 2255 Motion is **DENIED** as premature and **DISMISSED WITHOUT PREJUDICE** to her right to re-file a § 2255 motion once her appeal has become final.[3]

Dated: June 6, 2013

                                        s/PATRICK J. DUGGAN
                                        UNITED STATES DISTRICT JUDGE

Copies to:

**Sabrina Shaheen Cronin, Esq.**
**Tiwana L Wright, AUSA**

---

[3] Should Fawaz choose to re-file a § 2255 motion after her pending appeal has become finalized, that subsequent motion will not be considered a second or successive motion pursuant to 28 U.S.C. § 2255(h).